# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE: 2:06-MJ-98-PRC |
| | ) | |
| RAMON LUEVANO DE LOERA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 24, 2006, a Detention Hearing as to Defendant Ramon Luevano de Loera was held before the undersigned magistrate judge. The United States government appeared by counsel First Assistant United States Attorney David A. Capp. Defendant Ramon Luevano de Loera (hereinafter referred to as Ramon Luevano) appeared in person and by counsel Assistant Federal Community Defender Kerry C. Connor and in the custody of the United States Marshal. United States Pre-Trial Services Officer Peter Sgroi appeared in person.

The contested Detention Hearing was held upon the U.S. government's oral request for the detention of Defendant Ramon Luevano made at the May 11, 2006 Initial Appearance. The Court received evidence and heard arguments.

## PROCEDURAL BACKGROUND

On April 13, 2006, the U.S. government filed with the Court a Complaint For Arrest With a View Toward Extradition and pursuant thereto, on that date, a warrant was issued for the arrest of Ramon Luevano.

On May 11, 2006, Ramon Luevano was arrested. His Initial Appearance in Court was held on that date during which the U.S. government orally moved that the Court order his detention

pending the Court's later decision on the international extradition issues. At that Initial Appearance the Court found Ramon Luevano to be indigent and the Court appointed the Federal Community Defender's Office to represent him.

On May 18, 2006, the contested Detention Hearing was held.

**FACTUAL BACKGROUND**

Ramon Luevano is a male person fifty-one years of age. He was born in Mexico. He moved to the United States approximately thirty-five years ago in 1971. He has continuously resided in the United States for approximately the past thirty-five years.

Ramon Luevano is a naturalized United States citizen. He received his U.S. Certificate of Naturalization July 21, 2001, in Chicago, Illinois. He has been a legal resident of the United States since approximately 1987.

He is married to a United States resident and has four natural children, all of whom were born in the United States and all of whom are United States citizens.

Ramon Luevano owns real estate in Hammond, Lake County, Indiana, which is where he and his family presently reside together.

He has been employed on a full-time basis since 1996 by OmniSource Corporation. He is presently a crane operator and he may still remain so employed, despite his arrest and temporary detention, although OmniSource Corporation was recently sold on May 16, 2006, to Metal Management, Inc. which adds some uncertainty to his employment status.

Ramon Luevano has no known criminal convictions in his background.

2

**UNDERLYING ALLEGATIONS**

The United States government has received information from the country of Mexico alleging that Ramon Luevano is charged in Mexico with the criminal offense of attempted trafficking in marijuana. Mexico alleges that on September 17, 1994, Mexican law enforcement agents observed two fields of growing marijuana in Mexico. A search of nearby houses was conducted by Mexican law enforcement officers and during the search they interviewed Ramon Luevano, who was present in the residence at that time. The Mexican law enforcement officers state that Ramon Luevano admitted to them that he intended to surreptitiously transport 176 pounds of marijuana hidden in a truck to the United States for a payment of $8,000.00. Ramon Luevano and another person showed Mexican law enforcement agents four other sites where marijuana was being grown.

On March 13, 1995, a Second District Judge for the State of Colima, Mexico issued a warrant for Ramon Luevano's arrest in case number 97/94-3. The arrest warrant remains outstanding and unexecuted.

The country of Mexico has, through diplomatic channels, requested that the United States extradite Ramon Luevano to Mexico. The U.S. government requests that the Court order his extradition to Mexico.

**APPLICABLE LAW**

Attempted trafficking in marijuana is a criminal offense in Mexico. *See* Article 194, Section I, in relation to Articles 12 and 63, Código Penal Federal [Federal Penal Code of Mexico] (as of September 17, 1994, the date of the alleged criminal offense).

Attempted trafficking of marijuana is a criminal offense in the United States and has been so continuously since before September 17, 1994. *See* 21 U.S.C. §§ 841(a)(1), 846.

Attempted trafficking of marijuana is a criminal offense in the State of Indiana, the state where Ramon Luevano is found and where he resides. *See* Ind. Code 35-41-2-4 and 35-48-4-10.

An Extradition Treaty exists between the United States and Mexico. 31 U.S.T. 5059. Article II of the treaty provides for the arrest and detention of alleged fugitives pending submission of a formal request and forwarding of supporting documentation.

Title 18 U.S.C. §3184 provides that where there is an extradition treaty between the United States and a foreign government, a person found in the United States who is alleged to have committed a criminal offense in the foreign country may be arrested, an extradition hearing may be held, and upon presentation of evidence sufficient to sustain the charge, the Court shall so certify to the U.S. Secretary of State so that the person will be extradited to the foreign country to face the charge or charges there.

The Federal Rules of Civil Procedure do not apply to extradition matters. *See* Fed. R. Crim. P. 1(a)(5)(A) ("Proceedings not governed by these rules include the extradition and rendition of a fugitive"); *Bovio v. United States,* 989 F.2d 255, 259 n.3 (7th Cir. 1993).

The Bail Reform Act of 1984 does not apply to extradition matters. *See In the Matter of Extradition of Molnar*, 182 F.Supp.2d 684, 687 (N.D. Ill. 2002). An extradition matter in court is not a criminal hearing; it is more in the nature of a civil matter rather than a criminal matter. *Id.* at 687.

There is no presumption favoring bail in international extradition cases. In fact, there is a presumption that no bail should be granted. *See Wright v. Henkel,* 190 U.S. 40, 63 (1903); *In Re*

*Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir. 1986); *In the Matter of Extradition of Sacirbegovic,* 280 F.Supp.2d 81, 83 (2003).

International extradition cases differ from criminal cases in at least one important respect, which is the international implications of the United States' failure to deliver a fugitive. *See In the Matter of Extradition of Molnar*, 182 F.Supp.2d at 687. The rationale for distinguishing pretrial releases in extradition cases from federal criminal cases is that extradition cases involve an overriding national interest in complying with treaty obligations. If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives. *Id.*

> In the extradition context, . . . if the accused were to be released on bond and thereafter absconded, the mere surrender of a quantity of cash or other property "would hardly meet the international demand" and could cause the United States government "serious embarrassment."

*In the Matter of Extradition of Sacirbegovic,* 280 F.Supp.2d at 83.

In foreign extradition cases, the burden rests on the defendant to attempt to prove that he or she should be granted a pre-extradition hearing release by establishing the existence of special circumstances in the totality of the circumstances. *See In the Matter of Extradition of Molnar*, 182 F.Supp.2d at 686-87. Neither statute nor caselaw define the standard of special circumstances in this context. It requires "a cautious judgment by the judge, taking into account the totality of the facts and having a healthy respect for this country's international treaty agreements." *Id.* at 688.

Caselaw provides that certain circumstances by themselves do not constitute special circumstances, including: absence of risk of flight; *Id.* at 687; being a United States citizen; *In the Matter of Extradition of Sacirbegovic,* 280 F.Supp.2d at 84; an unblemished record of no criminal

5

convictions; *United States v. Leitner,* 784 F.2d 159, 161 (2d Cir. 1986); the need to consult with counsel and assist in gathering evidence; *In the Matter of Extradition of Smyth,* 976 F.2d 1535, 1535-36 (9th Cir. 1992); discomfort from being held in jail; *In re Klein,* 46 F.2d 85 (S.D. N.Y. 1930); severe financial and emotional hardships; *In the Matter of Extradition of Russell*, 805 F.2d at 1217; advanced age or infirmity; *In the Matter of Extradition of Artukovic*, 628 F.Supp. 1370, 1374-75 (C.D.Cal.1986) (stay denied sub. nom. Artukovic v. Rison, 784 F.2d 1354 (9th Cir.1986)); or certain physical health concerns; *In the Matter of the Extradition of Kamel Nacif-Borge*, 829 F.Supp. 1220, 1216 (D. Nev. 1993).

On the other hand, courts have found special circumstances to exist where a defendant has shown: a high probability or success on the merits of the underlying charges; *Salerno v. United States,* 878 F.2d 317 (9th Cir. 1989) (citing cases); a serious deterioration in health; *Id*; unusual delay; *Id*; that the underlying charges cannot be proven or impropriety in the underlying charge or procedures; *In the Matter of Extradition of Anne Hamilton-Byrne,* 831 F.Supp. 287, 290 (S.D.N.Y.1993); the availability of bail for crime charged in the demanding country; *In the Matter of the Extradition of Kamel Nacif-Borge*, 829 F.Supp. at 1221; or the combined factors of lack of prior record, allergic reaction to soap used in laundered clothes at correctional facilities, and the inability to carry out religious rituals. *U.S. v. Taitz*, 130 F.R.D. 442, 444 (S.D.Cal.1990).

**FINDING**

The fact that Ramon Luevano is alleged to have committed the criminal offense in 1994, his arrest warrant was issued in the country of Mexico in 1995, yet Mexico has apparently waited approximately ten to eleven years to request his extradition makes this detention decision a difficult one, especially since he has lived an apparently stable life here in the United States for many years, is a family man, and has no record of prior criminal convictions.

However, the Complaint alleges that Ramon Luevano admitted to planning to surreptitiously transport 176 pounds of marijuana hidden in a truck from Mexico to the United States for $8,000.00 during a time when he was living in the United States, was employed, and had a family.

The Court finds that the totality of circumstances in this case do not separately or in combination sufficiently constitute special circumstances to justify pre-extradition hearing release of Ramon Luevano. He has failed to meet his burden of proof in this regard.

**DETENTION ORDER**

The Court **ORDERS** that Defendant Ramon Luevano de Loera **SHALL** be detained and held
in the custody of the United States Marshal until further order of this Court or until he is extradited to the country of Mexico. The Court **REAFFIRMS** the Extradition Hearing set for **August 18, 2006, at 9:30 a.m.**

**DIRECTIONS REGARDING DETENTION**

Defendant Ramon Luevano is committed to the custody of the U.S. Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable,

from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

      SO ORDERED this 31st day of May, 2006.

                s/ Paul R. Cherry
                MAGISTRATE JUDGE PAUL R. CHERRY
                UNITED STATES DISTRICT COURT

cc:    All counsel of record
       US Probation
       US Marshal